```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

SAMUEL D. PARKER                              CIVIL ACTION

VERSUS                                        NO: 09-3178

MCELROY TRUCK LINES, INC.,                    SECTION: "A" (4)
ET AL.

### ORDER AND REASONS

Before the Court is a **Motion for Leave to File Evidence and Witness List (Rec. Doc. 36)** filed by plaintiff Samuel D. Parker, and a **Motion in Limine to Exclude Plaintiff's Expert and Strike Plaintiff's Witness and Exhibit Lists (Rec. Doc. 34)** filed by defendants McElroy Truck Lines, Inc. and Maurice Howard.  Neither party has filed a formal opposition to the other party's motion. The motions, set for hearing on April 28, 2010, are before the Court on the briefs without oral argument.

This motor vehicle personal injury case will be tried to a jury on June 14, 2010.  The Court entered a scheduling order on November 2, 2010, and according to that order the parties' witness and exhibit lists were to be filed by March 29, 2010. Plaintiff's expert reports were to be produced to Defendants no later than February 26, 2010.  (Rec. Doc. 23).

Plaintiff filed witness and exhibit lists on March 30, 2010--one day late--and Defendants are moving to strike the lists

as untimely. Plaintiff, on the other hand, moves the Court to accept the lists as filed. Defendants' motion is DENIED as to the witness and exhibit lists.

More problematic is that Plaintiff's list includes Holly Sharp-"expert," who the Court assumes to be an accounting expert hired by Plaintiff. Defendants assert in their memorandum in support that Plaintiff did not produce an expert report from Ms. Sharp by the February 26, 2010, deadline. It is unclear whether Plaintiff has ever produced such a report because Plaintiff did not file a response to Defendants' motion. The Court will therefore assume that Plaintiff has never produced a report.

Unlike the one-day-late witness and exhibit list, which could not have prejudiced Defendants in any manner, the same cannot be said with respect to the deadline for producing expert reports. The parties' deadlines for producing expert reports are intentionally staggered by thirty days to give the defense time to retain an expert and to produce a report in rebuttal once the plaintiff timely expresses his intention to rely upon an expert. Once the plaintiff's deadline passes and the plaintiff has failed to produce a report, however, the defendant is entitled to rely on the fact that it need not hire its own expert by its own deadline.

In this case, Plaintiff's expert deadline lapsed in February and Defendants' deadline lapsed on March 29, 2010. The

Defendants' witness list does not reflect that they intend to present an accounting expert of their own.  Moreover, the deadline for concluding all discovery expired on April 27, 2010.  Thus, Defendants' motion is GRANTED insofar as it pertains to Ms. Sharp.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Leave to File Evidence and Witness List (Rec. Doc. 36)** filed by plaintiff Samuel D. Parker is **GRANTED;**

**IT IS FURTHER ORDERED** that the **Motion in Limine to Exclude Plaintiff's Expert and Strike Plaintiff's Witness and Exhibit Lists (Rec. Doc. 34)** filed by defendants McElroy Truck Lines, Inc. and Maurice Howard is **GRANTED IN PART AND DENIED IN PART** as explained above.

May 6, 2010

                                    JAY C. ZAINEY
                            UNITED STATES DISTRICT JUDGE